[L. A. No. 8467. In Bank.—September 16, 1926.]

## MARTIN H. SATREN, Respondent, v. HALDOR P. SPONHEIM et al., Appellants.

[1] CONTRACTS—RESCISSION—FRAUD—FAILURE OF CONSIDERATION.—In a suit for rescission of a contract of exchange of real and personal property, based on alleged fraud and partial failure of consideration, and for damages, the contention that plaintiff was not entitled to equitable relief because he had failed to place revenue stamps on his deed in a sufficient amount, cannot be maintained, where there was no such issue made by the pleadings, and, in addition, the evidence showed that the parties agreed that the actual value of their respective properties was an amount for which the revenue stamps would be adequate, and the court found that the value of the combined properties was an amount one-half of which would require revenue stamps less than that affixed by the plaintiff.

[2] ID.—DISCOVERY OF FRAUDULENT REPRESENTATIONS—VARIANCE IN DATE OF—EQUITABLE RELIEF.—In such a suit, where the complaint alleged that the plaintiff first went upon the land acquired by him in the exchange and learned of the fraudulent representations on the part of the defendant on a certain date, but in his testimony placed the time at an earlier date, the contention that he should be excluded from relief in equity for false swearing cannot be maintained where the record shows the variance was unintentional.

[3] ID.—PLEADING—DEFECT OF PARTIES PLAINTIFF—WAIVER—LACK OF
PREJUDICE.—In such a suit, where the demurrer to the complaint
was not directed to any defect or misjoinder of parties plaintiff,
the contention on appeal that such a defect existed, in that the
wife of plaintiff was not made a party and therefore adequate re-
lief could not be decreed, cannot be maintained, ·as the defect
was waived; and where, at the trial the wife of plaintiff offered to
join in any conveyance ordered by the court, and the plaintiff
waived his action for damages and elected to stand on his claim
for rescission, no prejudice was suffered by the defendants in
the overruling of the demurrer.

(1) 21 **C. J.,** p. 185, n. 34 New.    (2) 21 **C. J.,** p. 184, n. 26 New.
(3) 31 Cyc., p. 738, n. 3.

APPEAL from a judgment of the Superior Court of Los
Angeles County. John L. Fleming, Judge. Affirmed.

The facts are stated in the opinion of the court.

Herbert Moore for Appellants.

Louis N. Whealton for Respondent.

SHENK, J.—Three causes of action are set forth in plain-
tiff's complaint. In the first count he seeks the rescission,
on the ground of fraud, of a certain agreement of exchange
of real and personal property, of date February 15, 1922.
In the second count he asks to have the same contract can-
celed on the ground of partial failure of consideration. In
the third count, as an alternative, he seeks damages on the
ground of alleged fraudulent representations growing out of
the same transaction set forth in counts one and two. Upon
the trial of issues joined by the complaint and the amended
answer of the defendants the court found in favor of the
plaintiff and rendered judgment wherein it was decreed that
the said agreement of exchange be canceled, that reconvey-
ances be executed by the respective parties and that certain
moneys be paid by the one to the other, to the end that the
parties be placed *in statu quo.* From this judgment the
defendants have appealed.

3.   Waiver of defect as to parties, notes, 33 **Am. Dec.** 105; 58
**Am. St. Rep.** 139; 48 **L. R. A. (N. S.)** 808; Ann. Cas. 1912A, 742;
Ann. Cas. 1914A, 1085.   See, also, 20 Cal. Jur. 576; 20 R. C. L. 712.

The plaintiff was the owner of lot 9, block 1, of Pride of Alamitos Tract, in the county of Los Angeles, together with improvements and certain personal property thereon. The defendants were the owners of 320 acres of farming land in Bellami County, Minnesota. Pursuant to said· agreement conveyances were exchanged and recorded in March, 1922. In July the same year the plaintiff went to Minnesota and for the first time saw and examined the land deeded to him by the defendants. He returned to California in September, notice of rescission was served on the defendants on October 26, and this action was commenced on November 2, 1922.

[1] Preliminarily the parties agreed to an exchange value of $8,000 on their respective properties. The plaintiff placed revenue stamps on his deed to the defendants in the amount of six dollars. It is the first contention of the defendants that the plaintiff thereby defrauded the federal government out of the sum of two dollars and placed himself beyond the pale of equitable relief. Assuming the point to be material the plaintiff satisfactorily meets the contention by reference to evidence to the effect that for the purpose of fixing revenue stamps it was later the mutual understanding of the parties that the actual value of their respective properties was six thousand dollars and to the further fact that the court found the value of the combined properties to be $11,500, one-half of which would require revenue stamps in an amount less than those actually attached. Furthermore, no issue was made by the pleadings as to the alleged deficiency in revenue stamps.

[2] The complaint alleges that the plaintiff first went upon the land and learned of the fraudulent representations on the part of the defendant Haldor P. Sponheim in October, 1922. In the testimony of the plaintiff it appears that he first went upon the land in the latter part of July, 1922. Upon these facts the defendants charge the plaintiff with false swearing and his consequent exclusion from relief in equity. An examination of the record supports the conclusion that the variance between the allegation and the proof was unintentional. The plaintiff satisfactorily explains the delay in his return to California and no laches is shown in serving his notice of rescission.

[3] Finally, it is contended that the court erred in overruling the demurrer to the complaint for the reason mainly

that it appears that there was a defect of parties plaintiff in that the wife of the plaintiff was not made a party and therefore adequate relief could not be decreed. An examination of the demurrer discloses that it was not directed to any defect or misjoinder of parties plaintiff but consisted of a general demurrer to each count with a special demurrer on the ground that the first and third causes of action were improperly united. The objection now urged was not before the trial court either by demurrer or answer and must be deemed to have been waived (Code Civ. Proc., sec. 434). Furthermore, at the trial the wife of the plaintiff offered to join in any conveyance ordered by the court. Also the plaintiff waived his action for damages and elected to stand on his claim for rescission. No prejudice, therefore, was suffered by the defendants by reason of the overruling of the demurrer.

The judgment is affirmed.

Richards, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.